MISSOURI DIVISION OF CHILD SUP-
PORT ENFORCEMENT and J.D. J., In-
dividually and as Next Friend of C. J.,
Appellants,

v.

T.J. and G.L.T., Respondents.

No. 81114.

Supreme Court of Missouri,
En Banc.

Nov. 24, 1998.

Rehearing Denied Dec. 22, 1998.

Jane M. Boardman, John P. Dockery, St. Louis, for Appellants.

Michael A. Gross, St. Louis, for Respondents.

PER CURIAM.[1]

The division of child support enforcement (division) and J.D.J. (mother) appeal dismissal of their two-count petition. J.D.J. is the mother of C.J. (child) and the wife of T.J. (presumed father). Count I is a paternity suit brought under the provisions of the uniform parentage act, sections 210.817 to 210.852, RSMo Supp.1992. Count I sought a declaration identifying the father of the child. Count II requested an order for child support from the father.

The presumed father was served with a petition and summons, but he defaulted. Accordingly, he has not denied paternity and has not filed a motion to dismiss because of the time limitations in section 210.826.1(2).[2]

G.L.T. (putative father) filed a motion to dismiss, arguing the action against the presumed father was barred by the statute of limitations contained in section 516.120,

---

1. The appeal in this case was originally decided by the Court of Appeals, Eastern District, in an opinion written by the Honorable Kent E. Karohl. Following transfer to this Court, the court of appeals opinion, as modified, is adopted as the opinion of the Court.

2. The amendment of this section, effective July 15, 1993, has no application to this appeal because C.J. was five years old before that date. *W.B. v. M.G.R.*, 955 S.W.2d 935, 937 (Mo. banc 1997).

RSMo, and pursuant to the authority in *P.L.K. v. D.R.K.,* 852 S.W.2d 366 (Mo.App. 1993). The motion did not contain a reference to section 210.826.1(2). The court sustained putative father's motion without specifying a reason. Thereafter, the court, *sua sponte,* dismissed the petition against the presumed father.

This Court reviews on the basis of allegations of fact in the petition and undisputed facts presented by the parties. Mother married presumed father in August 1982. The marriage was never dissolved. Child was born on August 6, 1986.

Mother filed the petition in this case on January 31, 1996, when child was nine years old. The defendants in the suit were presumed father and putative father. The original petition was ineffective because presumed father was not a party and the issue of presumed father's paternity was not presented. The petition merely requested a declaration that putative father was the father and, in Count II, an order for child support. On April 15, 1996, the petition was amended to add presumed father as a party. The amended petition alleged in Count I that "either Respondent, [putative father], or Respondent, [presumed father], is the father of [said child] and, to protect the interest of said child, it is necessary to have the relationship of parent and child declared to exist between either Respondent, [putative father], or Respondent, [presumed father], and said child." The appellants alleged in Count II that mother is in need of financial assistance to support child and that presumed father or putative father have the financial ability to pay a reasonable sum each week for child support. They prayed the court "order either Respondent, [putative father], or Respondent, [presumed father], to pay to [mother] as and for the support of the minor child."

Appellants' points on appeal are directed at trial court error in dismissing their petition against putative father and, thereafter, dismissing their petition against presumed father, after finding appellants were prohibited from bringing their action pursuant to the uniform parentage act. Putative father contends "the action was barred by former sec-

tion 210.826.1(2)." Accordingly, the allegation in the motion referring to section 516.120 is considered abandoned and section 210.826.1(2) is substituted therefor.

Prior to July 15, 1993, section 210.826 permitted a child, his natural mother, a presumed father, or the division to bring an action:

> (2) [f]or the purpose of declaring the nonexistence of the father and child relationship presumed under [section 210.822] only if the action is brought within a reasonable time after obtaining knowledge of relevant facts, but in no event later than five years after the child's birth.

That section also provided, "[a]fter the presumption [of husband's paternity] has been rebutted, paternity of the child by another man may be determined in the same action, if he has been made a party."

The statute of limitation in section 210.826 does not apply to a cause of action for a declaration of paternity of a putative father. Therefore, the only effect of the five-year limitation on suits against a putative father would be indirect or derivative.

 Appellants' first contend that the court erred in dismissing the action against presumed father. As stated in *W.B. v. M.G.R.,* 955 S.W.2d 935, 938 (Mo. banc 1997), "when a man has an existing paternal relationship with a child, the law seeks to protect it by only allowing it to be challenged for five years after the child's birth." If a child has a presumed father, an action to declare the nonexistence of the father-child relationship with the presumed father must be brought no later than the child's fifth birthday. *P.L.K. v. D.R.K.* Thus, the five-year limitation forecloses a defense of non-paternity by presumed father. Accordingly, the judgment of dismissal of the petition against presumed father is reversed, and that cause of action is remanded.

 Appellants also argue trial court error in dismissing their action against putative father. In three points they argue that section 210.826.1(2), RSMo Supp.1992, and *P.L.K. v. D.R.K.* offer no authority for dismissal of their alternative cause of action against putative father. They argue the uni-

form parentage act offered a child, a natural mother, a presumed father or the division a period of five years from the date of birth to file an action to disestablish the presumed father's father-child relationship. They also argue section 210.826.1(2) applies only to a petition to sever the relationship, not one to confirm it. Since their petition was to establish the relationship, they argue, the petition was timely. Appellants fail to acknowledge that a prerequisite to establishing putative father's paternity is a finding of non-paternity in the presumed father. This finding is precluded by the statute of limitations in section 210.826 and the holding of *W.B., supra.* Because neither the presumed father, the natural mother, nor the child contested the father-child relationship within the required five-year period, the trial court correctly dismissed the action against the putative father.

The judgment is affirmed in part and reversed in part, and the cause is remanded. On remand the trial court shall enter judgment declaring that the presumed father is the father of C.J. and awarding such other relief as may be appropriate.

All concur.